■ In the Matter of IRENE GREENBERG, Petitioner, v GAIL S. SHAFFER, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Secretary of State of the State of New York, dated July 7, 1987, which after a hearing, revoked the petitioner's license as a private investigator.

Adjudged that the determination is modified, on the law, by deleting from the decretal paragraph thereof "19 NYCRR 173.1 (b)" and substituting therefor "19 NYCRR 173.1 (a)"; as so modified, the determination is confirmed and the proceeding is dismissed, with costs to the respondent.

The respondent's complaint charged the petitioner Irene Greenberg with violations of General Business Law § 81 and

19 NYCRR 173.1 and 173.2. The record discloses that the petitioner's husband, a convicted felon, was permitted to act as a supervisor with her agency. Under the circumstances the respondent's finding that the petitioner violated General Business Law § 81 (1) is supported by substantial evidence *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 223).

In addition, the petitioner failed to establish that she had obtained and maintained employee statements or filed employee fingerprints with the Secretary of State *(see,* General Business Law § 81 [2], [4], [5]). Furthermore, the petitioner concedes that she never provided her clients with written statements pursuant to 19 NYCRR 173.1 (a). Accordingly, we find the respondent's determination in this respect to be supported by substantial evidence *(Matter of Pell v Board of Educ., supra).*

Lastly, 19 NYCRR 173.1 (b) was inadvertently designated by the Hearing Officer as the rule violated by the petitioner. Since subdivision (b) merely provides an exception to 19 NYCRR 173.1 (a), which is not applicable here, we modify the respondent's determination to indicate that 19 NYCRR 173.1 (a) was violated by the petitioner. Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.